IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JIMMY T. DAVIS,                      )
No. 08340-031                        )
                                     )
         Petitioner,                 )
                                     )
   vs.                               )    Case No. 15-cv-00169-DRH
                                     )
JAMES CROSS, JR.,                    )
                                     )
         Respondent.                 )

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jimmy T. Davis is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. He is serving a 322-month sentence for bank robbery (18 U.S.C. §§ 2113(a), (d)), using a firearm in the commission of the robbery (18 U.S.C. § 924(c)(1)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). *See United States v. Davis*, Case No. 96-cr-10071-WEB (D. Kan. 1997). Davis's petition for writ of habeas corpus pursuant 28 U.S.C. § 2241 is now before the Court. He contends that his conviction should be set aside in light of the Supreme Court's recent decision in *Rosemond v. United States*, __U.S.__, 134 S. Ct. 1240 (March 5, 2014), represents a retroactive change in the law that renders him actually innocent.

This case is now before the Court for a preliminary review of the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by

the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Procedural History

The factual scenario underlying Davis's conviction was summarized by the appellate court on direct appeal as follows:

> Mr. Davis was one of two men who eye witnesses identified as having robbed the Fall River State Bank in Fall River, Kansas, on the morning of October 17, 1996. Mr. Davis entered the bank, approached Alicia Ashenfelter, the teller stationed closest to the front door, and requested two rolls of dimes. A second man, Mr. Steven Haslip, approached tellers Peggy Anderson and Christine Burt at the next teller window. As Ms. Ashenfelter turned to Ms. Anderson to request two rolls of dimes, she noticed Mr. Haslip was pointing a gun at Ms. Anderson and instructing her to "give [him] all of the money." Mr. Davis then instructed Ms. Ashenfelter to place all the money from her teller station into a blue plastic bag. Prior to leaving, the two men locked the three tellers in the bank vault.
> Law enforcement officers apprehended Mr. Davis later that day, after a Highway Patrol trooper and K-9 unit found him hiding in trees and bushes near a vehicle officers previously observed turning around to avoid a roadblock placed at a main junction outside Fall River. Police found a blue plastic bag containing two loaded guns, and a white plastic bag containing all but $1,000 of the money stolen from the Fall River State Bank, in the trunk of that vehicle. Mr. Haslip had been arrested a few hours before, after officers found him lying along a fence row in the same vicinity.

*United States v. Davis*, 1999 WL 29160, *1 (10th Cir. 1999). The factual synopsis in Davis's codefendant's appeal, *United States v. Haslip*, 160 F.3d 649, 651-652 (10th Cir. 1998) (referenced in Davis's appeal), further reveals that when Haslip

was demanding money from Anderson and Burt, he brandished a gun and caused it to "click" twice.

Following a jury trial, petitioner Davis was convicted of bank robbery (18 U.S.C. §§ 2113(a), (d)), using a firearm in the commission of the robbery (18 U.S.C. § 924(c)(1)), and being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). His codefendant, Haslip, was charged and convicted of those same charges. Both were charged under an "aiding and abetting" theory in accordance with 18 U.S.C. § 2. Davis was sentenced to imprisonment for 322 months. *See United States v. Davis*, Case No. 96-cr-10071-WEB (D. Kan. 1997).

Davis's conviction was unsuccessfully challenged on direct appeal based on multiple grounds, including the sufficiency of the evidence and a double jeopardy argument regarding the robbery and use of a firearm charges. *United States v. Davis*, 1999 WL 29160 (10th Cir. 1999). A subsequent motion to vacate set aside or correct his sentence pursuant to 28 U.S.C. § 2255 was denied in 2000 (Doc. 204 in the criminal case); aff'd, *United States v. Davis*, 2001 WL 1032913 (10th Cir. 2001). The principle arguments presented were whether (1) relative to the Section 922(g) offense, evidence had to be presented to the grand jury that Davis had received the weapons as they travelled in interstate commerce; and (2) the indictment was insufficient because it omitted all reference to the aiding and abetting language of 18 U.S.C. § 2. Those arguments were summarily dismissed by the appellate court.

## Discussion

Davis's Section 2241 petition is premised upon *Rosemond v. United States*, __U.S.__, 134 S. Ct. 1240 (March 5, 2014). *Rosemond* dealt with a "drug deal gone bad" – three individuals, Rosemond among them, drove to a park to sell marijuana, but when the would-be purchaser punched one of the individuals and took off with the marijuana without paying his due, one of the sellers exited the vehicle and fired shots at the thief. 134 S. Ct. at 1243. The shooter reentered the vehicle, and all three sellers gave chase after the thief, but were apprehended by police before they could catch him. *Id.*

For his part, Rosemond was charged with violating 18 U.S.C. § 924(c) by using a gun in connection with a drug trafficking crime, or aiding and abetting that offense under 18 U.S.C. § 2. *Id.* The Government prosecuted Rosemond under two theories: either Rosemond was the shooter, or he aided the shooter in connection with the drug trafficking crime. *Id.* at 1243-44. The jury was instructed that it could convict Rosemond if the "defendant knew his cohort used a firearm in the drug trafficking crime," and the "defendant knowingly and actively participated in the drug trafficking crime." *Id.* at 1244. The jury convicted Rosemond of violating § 924(c) via a general verdict, and the Tenth Circuit affirmed. *Id.* at 1244-45. The Supreme Court, however, vacated the Tenth Circuit's judgment, holding that an unarmed defendant must have advance knowledge that his confederate would carry a gun to impose liability. *Id*. at 1245, 1249-50.

Petitioner Davis explains that he was in the process of robbing the bank when his codefendant, Haslip, who was the getaway driver, entered with a gun. Davis contends that he had no advance knowledge that Haslip had a gun—a gun was not in their plan.

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *see also Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255.").  Here, Davis is attacking his conviction, and thus a Section 2255 motion would appear to be the proper avenue of relief.

However, under limited circumstances, a prisoner may use Section 2241 to challenge his conviction.  Section 2255 contains a "savings clause" which allows a prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The mere fact that a petitioner may be barred from bringing a second Section 2255 petition is not, in and of itself, sufficient to render Section 2255 inadequate.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).  Instead, a petitioner must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.  *Id.* at 611.  In the end, a petitioner must meet three

conditions to come within the savings clause: first, he must rely on a statutory interpretation case rather than a constitutional case; second, he must rely on a retroactive decision that he could not have invoked in his first Section 2255 motion because the position was "foreclosed by binding precedent" at the time; and third, he must show that there has been a "fundamental defect" in his conviction that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586-87 (7th Cir. 2012). Davis relies upon the Supreme Court's 2014 decision in *Rosemond* to satisfy these criteria.

To be sure, *Rosemond* satisfies at least one of the savings clause requirements – it was a statutory interpretation case. However, Davis's petition runs into trouble on other points, including the issue of retroactivity. This Court, in *Montana v. Cross*, No. 14-cv-1019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014), held that *Rosemond* was not retroactive, and *almost* every other court to address the point agrees.[1] If nothing had changed since *Montana*, dismissal of Davis's petition at screening would be proper. However, since *Montana*, one district court in the Seventh Circuit has ruled that "*Rosemond* should apply retroactively," at least for a Section 2255 petition: *United States v. Greene*, No. 14-C-431, 2015 WL 347833, at *1 (E.D. Wis. Jan. 23, 2015). More importantly, as Davis notes, the Government has conceded retroactivity before the district

---

[1] *E.g.*, *Bey v. Hollenback*, No. 5:14-HC-2016, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015); *Metz v. United States*, No. 14-cv-3081, 2015 WL 566766, at *3 (W.D. La. Feb. 9, 2015); *Elwood v. United States*, No. 14-cv-3097, 2015 WL 566773, at *3 (W.D. La. Feb. 9, 2015); *Rodriguez v. Thomas*, No. 1:14-cv-1121, 2015 WL 179057, at *5 (M.D. Pa. Jan. 14, 2015); *Moreno v. Snyder-Morse*, No. 14-cv-106, 2015 WL 82418, at *4 (E.D. Ky. Jan. 6, 2015); *Guardado-Mezen v. Copenhaver*, No. 1:14-cv-01806, 2014 WL 6885999, at *4 (E.D. Cal. Dec. 4, 2014); *Taylor v. Sepanek*, No. 14-cv-160, 2014 WL 6705408, at *4 (E.D. Ky. Nov. 26, 2014); *Douglas v. Butler*, No. 14-cv-177, 2014 WL 6633230, at *6 (E.D. Ky. Nov. 21, 2014); *Taniguchi v. Butler*, No. 14-cv-120, 2014 WL 5063748, at *5 (E.D. Ky. Oct. 8, 2014).

court in *Greene* and the Seventh Circuit in the *Montana* briefing on appeal, and the matter is now before the Seventh Circuit for consideration. Given the current landscape of the law and the fact that this case is at the preliminary stage of review, the retroactivity point will be deferred.

To employ Section 2241, Davis has another hurdle to surmount: he must show that there is a defect in his conviction so significant as to qualify as a miscarriage of justice, as would be the case if he were "imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d at 611. After *Rosemond*, a defendant can be convicted of aiding and abetting a person who uses or carries a firearm in relation to a crime of violence if the defendant has knowledge that a cohort will use a gun "at a time the accomplice can do something" with that knowledge – "most notably, opt to walk away." 134 S. Ct. at 1249-50. If the jury instructions or the record permitted a conviction in a manner keeping with *Rosemond*, Davis will have difficulty establishing that he was convicted of a nonexistent offense. However, the record and relevant jury instructions are not yet before the Court and, consequently, Davis's petition passes preliminary screening.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the

Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 13TH day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.13 16:03:30 -05'00'

**United States District Court**