IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY T. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) Case No. 15-cv-169-CJP |
| JAMES N. CROSS, JR., | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

This matter is before the Court on petitioner's Motion to Expedite. **(Doc. 21).**

Petitioner Davis was convicted in the District of Kansas of bank robbery in violation of 18 U.S.C. §2113(a), using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). In October, 1997, he was sentenced to 240 months imprisonment on the bank robbery count and to 262 months on §924(c)(1) count, to be served concurrently. He was also sentenced to 60 months imprisonment on the §922(g)(1) count, to be served consecutively to the first two sentences. See, Judgment, attached to Doc. 1 at pp. 8-13.

In his petition for writ of habeas corpus under 28 U.S.C. §2241, Davis argues that he was convicted of aiding and abetting the §924(c)(1) violation and that his conviction and sentence on that charge must be must be vacated under

1

*Rosemond v. United States*, 134 S. Ct. 1240 (2014).

Petitioner moves the Court to expedite consideration of his §2241 petition. According to his calculations, he has fully served his 20 year sentence for bank robbery, and is now serving time for aiding and abetting "for which he is serving five years because his co-defendant brandished a gun." Doc. 21, p. 1, ¶1.

The premise of petitioner's motion is incorrect. Petitioner has misstated his sentence in his motion, as well as in his petition. The Judgment attached to the petition clearly shows that the consecutive five year (60 month) sentence was on the felon in possession of a firearm charge (§922(g)(1)), not on the §924(c)(1) count. From the materials currently available to the Court, it appears that the felon in possession charge was based on petitioner's constructive possession of two firearms that were in a blue bag in the car that he and his co-defendant used to flee after the robbery – a blue bag that Davis had carried into the bank. *United States v. Davis*, 1999 WL 29160, at *4 (10th Cir. 1999)(direct appeal). In other words, it appears that petitioner was not convicted of violating §922(g)(1) on an aiding and abetting theory.

According to the BOP's website, petitioner's current out date is March 3, 2020. See, http://www.bop.gov/inmateloc, visited on August 12, 2015. If he is entitled to relief under *Rosemond*, his 262 months sentence on the §924(c)(1) count would be vacated. That sentence was to be served concurrently with the 240 months on the bank robbery count. As the 60 month sentence is consecutive, the net result, *if* he is entitled to have the 262 month sentence vacated, would be a

22 month reduction in his total sentence. This would mean a release date of approximately May, 2018.

Petitioner's suggestion that he would be entitled to immediate release from prison if he were successful on his habeas petition is incorrect. Thus, there is no pressing reason to expedite this case.

More importantly, the Seventh Circuit Court of Appeals has before it a case involving the application of *Rosemond*, *Montana v. Cross*, Case No. 14-3313. This Court expects the Seventh Circuit's decision in *Montana* to provide substantial guidance in determining the issues in the instant case.[1] The Seventh Circuit has set oral argument in *Montana* for September 30, 2015. This Court will continue to monitor developments in *Montana*.

For the foregoing reasons, petitioner's Motion to Expedite **(Doc. 21)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:** August 13, 2015.

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**

---

[1] Petitioner is incorrect in stating that respondent's answer only alleged that petitioner had not filed a §2255 motion. It is true that respondent erroneously and inexplicably argued that he had not filed such a motion, but respondent also argued that petitioner is not entitled to relief under *Rosemond* because he saw his co-defendant brandish a firearm in sufficient time to abandon the bank robbery.